IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:23-CV-2315-S-BH |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion for Writ of Coram Nobies* [sic], received on October 10, 2023 (doc. 2), should be **DISMISSED**.

## I.      BACKGROUND

In 2005, Arthur Joyal Barker (Petitioner), an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), was convicted of aggravated robbery in Cause No. F04-435305 in Dallas County, Texas. He has filed several petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 state conviction and sentence. Because of his frivolous and repetitive challenges to his conviction and sentence, he has been sanctioned by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) and barred from filing any further challenge to his conviction or sentence unless he first pays the monetary sanctions assessed against him, or he first receives leave to file his challenge from the court in which he seeks to file it. *See In re Barker*, No. 11-90032 (5th Cir. Aug. 1, 2011); *In re Barker*, No. 11-90027 (5th Cir. Aug. 1, 2011); *In re Barker*, No. 10-11253 (5th Cir. Feb. 2, 2011) (citing *In re Barker*, No. 10-10451, slip op. at 2 (5th Cir. Aug. 3, 2010)); *see also Barker v. Lumpkin*, No. 3:21-CV-535-D-BH (N.D. Tex. Mar. 10, 2021) (administratively closing challenge to same conviction

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.

and sentence for failure to comply with Fifth Circuit's sanctions orders).

Petitioner again challenges his 2005 conviction through a "motion for writ of error coram nobis[ ] based on ineffective assistance of trial counsel[ ] and defective indictment and the trial courts [sic] abuse of discretion[ ] pursuant to jurisdiction defects and actual innocence"; he also appears to allege various grounds of prosecutorial misconduct, insufficient evidence, and involuntary plea in connection with the underlying state criminal proceedings. (doc. 2 at 6; *see also id.* at 9-27, 38, 40.)

## II.    SANCTIONS

Notwithstanding the prior sanctions and filing bars imposed against him by the Fifth Circuit, Movant again challenges his 2005 conviction and sentence in this action. He has not filed a motion for leave to file his current challenge in this Court, and he has not demonstrated that he has paid the monetary sanctions imposed by the Fifth Circuit. Based on the prior monetary and filing sanctions imposed on Petitioner for future challenges to his 2005 conviction and sentence, he may not proceed with his claims challenging that conviction. Accordingly, any claims in the petition challenging his 2005 conviction and sentence should be dismissed absent a showing that he has satisfied the monetary and filing sanctions imposed against him by the Fifth Circuit.

## III.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG,*

*Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A writ of error *coram nobis* is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and therefore are unable to pursue direct review or seek collateral relief by filing a petition for a writ of habeas corpus. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Petitioner is still in custody, so this Court lacks jurisdiction to grant *coram nobis* relief. *United States v. Urdiales Garcia*, 442 F. App'x 935, 936 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). It also does "not have authority to grant coram nobis relief to a state prisoner seeking to attack a state court judgment." *Back v. Amarillo Police Dep't*, 673 F. App'x 458, 458 (5th Cir. 2017). Accordingly, to the extent Petitioner seeks *coram nobis* relief, the petition should be dismissed for lack of jurisdiction.

## IV.   RECOMMENDATION

Any claims in the *Motion for Writ of Coram Nobies* [sic], received on October 10, 2023 (doc. 2), challenging Petitioner's 2005 conviction or sentence should be **DISMISSED** based on the prior filing and monetary sanctions imposed against him by the Fifth Circuit, and any request for *coram nobis* relief should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 25th day of October, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE