IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, TDCJ No. 1290750, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-2315-S-BN |
| THE STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Arthur Joyal Barker, a Texas prisoner convicted of aggravated robbery in Dallas County, has submitted two new *pro se* filings in this closed case, which have been liberally construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 10, 11.

The Court has referred Barker's latest habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Karen Gren Scholer.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Barker's petition is an unauthorized successive habeas application, and considering his numerous past challenges to his conviction and the sanctions imposed by the United States Court of Appeals for the Fifth Circuit, the Court should dismiss the application without prejudice to Barker's right to seek authorization from the Fifth Circuit to file a successive habeas application.

Barker originally filed a habeas application relating to his 2005 conviction

under 28 U.S.C. § 2254 in 2007, but the petition was denied on the merits. *See Barker v. Quarterman*, No. 3:07-cv-1321-N, 2008 WL 2097165 (N.D. Tex. May 16, 2008). Since that time, he has filed multiple successive petitions and been sanctioned or warned repeatedly by the Fifth Circuit. *See In re Arthur Joyal Barker*, No. 10-11253 (5th Cir. Feb. 2, 2011) (sanctioned $200 and barred from filing any challenge to conviction or sentence in Fifth Circuit or any court subject to Fifth Circuit's jurisdiction until sanction is paid unless Barker obtains leave of court); *In re Arthur Joyal Barker*, No. 11-90027 (5th Cir. Aug. 1, 2011) (sanctioned additional $50); *In re Arthur Joyal Barker*, No. 11-90032 (5th Cir. Aug. 11, 2011) (sanctioned additional $50); *In re Arthur Joyal Barker*, No. 15-90118 (5th Cir. Feb. 10, 2016) (denying motion to proceed as sanctioned litigant and warning Barker of potential for additional sanctions); *In re Arthur Joyal Barker*, No. 18-90009 (5th Cir. Aug. 29, 2018) (same).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 540, 507 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend

> to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Barker has already exercised his "one fair opportunity to seek federal habeas relief from his [aggravated robbery] conviction." *Banister*, 590 U.S. at 507. His current claims are fairly interpreted as attacking at least one underlying conviction and allege defects that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Barker when he filed his initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222. He is therefore currently attempting to present claims that are successive. And Barker's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631 But, given Barker's history of filing successive petitions aimed at his state convictions and sanctions for doing so, "a dismissal without prejudice appears more efficient and better serves the

interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Arthur Joyal Barker's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. Nos. 10, 11] without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit. And the Court should direct the Clerk of Court to open and close for statistical purposes a new habeas corpus action under 28 U.S.C. § 2254 (nature of suit 530, assigned to the same district judge and magistrate judge as this case) based on the finding that the motions [Dkt. Nos. 10, 11] should be construed as a successive application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE